**CHARGE TO THE JURY**

**CORDIS CORPORATION**

v.

**BOSTON SCIENTIFIC CORPORATION**
**and SCIMED LIFE SYSTEMS, INCORPORATED**

**Civil Action No. 97-550-SLR**
**Civil Action No. 98-019-SLR**

ROBINSON, C. J.

MARCH 23, 2005

**GENERAL INSTRUCTIONS**

INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every civil case.  Then I will explain some rules that you must use in evaluating particular testimony and evidence.  I will explain the positions of the parties and the law you will apply in this case.  I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

1

## JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide whether, under the appropriate burden of proof, which party should prevail on each of the issues presented.  I will instruct you about the burdens of proof shortly.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All of the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

2

## BURDENS OF PROOF

This is a civil case in which plaintiff, Cordis Corporation, is charging defendants, Boston Scientific Corporation and Scimed Life Systems, Incorporated, with patent infringement.  Plaintiff has the burden of proving patent infringement by what is called a preponderance of the evidence.  That means that plaintiff has to produce evidence which, when considered in light of all of the facts, leads you to believe that what plaintiff asserts is more likely true than not.  For example, in assessing infringement, if you were to put plaintiff's evidence and defendants' evidence of infringement on opposite sides of a scale, the evidence supporting plaintiff's assertions would have to make the scales tip somewhat to its side.

In this case, defendants are urging that the asserted claim of the patent in suit is invalid.  Accordingly, defendants have the burden of proving, by clear and convincing evidence, that the asserted claim is invalid.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.  Proof by clear and convincing evidence is a higher burden than proof by a preponderance of the evidence.

3

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.  The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  None of my comments or questions are evidence.  The notes taken by any juror are not evidence.

Certain charts and graphics have been used to illustrate testimony from witnesses.  Unless I have specifically admitted them into evidence, these charts and graphics are not themselves evidence even if they refer to or identify evidence.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked.  I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might

4

have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of any eyewitness which, if you believe it, directly proves a fact. If a witness testified that he or she saw it raining outside, and you believed him or her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weights that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or the believability, of the witnesses you have seen during the trial and the weight their testimony deserves.

You should carefully scrutinize all the testimony each witness has given and every matter of evidence which tends to show whether he is worthy of belief. Consider each witness's intelligence, motive, and state of mind, as well as his demeanor while on the stand. Consider the witness's ability to observe the matters as to which he has testified and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to each side of the case, the manner in which each witness might be affected by the verdict, the interest any witness may have in the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Discrepancies in the testimony of different witnesses may, or may not, cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. Likewise, the testimony of a witness may be discredited or impeached by showing that the witness has made an incorrect statement or has given a prior statement or testimony which is inconsistent with his testimony at this trial. It is the province of the jury to determine whether an incorrect

8

statement or prior inconsistent statement discredits the witness's testimony.

But bear in mind that an innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

## NUMBER OF WITNESSES

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

**EXPERT WITNESSES**

When knowledge of technical subject matter may be helpful to a jury, a person who has special training or experience in that technical field - called an expert witness – is permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to judge the credentials and credibility of the expert witness and decide whether to rely upon his testimony.

## THE PARTIES

I will now review for you the parties in this action and the positions of the parties that you will have to consider in reaching your verdict.

Plaintiff is Cordis Corporation, which I sometimes refer to as "Cordis."

Defendants are Boston Scientific Corporation and Scimed Life Systems, Incorporated, which I sometimes refer to collectively as "Boston Scientific".

Cordis is the owner of U.S. Patent No. 4,739,762, which I will refer to as "the '762 patent" or the "patent in suit."  The '762 patent includes a reexamination certificate which is attached to the '762 patent in your binders.  As the owner of the patent in suit, Cordis has the exclusive right to make, use, sell, offer for sale, and import any product that is covered by the patent in suit.

Boston Scientific has made, marketed, and sold the accused NIR stent.  I may refer to this stent as the "accused stent."

**PLAINTIFF'S CONTENTIONS**

Cordis contends that the accused stent infringes claim 23 of the '762 patent. This claim may be referred to as "the asserted claim." The other claims of the patent in suit may be referred to as "unasserted claims." You should not consider any of the unasserted claims.

## DEFENDANTS' CONTENTIONS

Boston Scientific contends that the accused stent does not infringe the asserted claim.

Boston Scientific also contends that the asserted claim is invalid due to obviousness.

**SUMMARY OF PATENT ISSUES**

In this case, you must decide several things according to the instructions that I shall give you.

As to infringement:

- Whether Cordis has proven by a preponderance of the evidence that the accused stent has a tubular member with a wall of a "substantially uniform thickness," as that term has been construed by the court.

As to validity:

- Whether Boston Scientific has proven by clear and convincing evidence that the asserted claim is invalid.

Do not make any decisions based on the number of patents or claims Cordis has asserted. What is important is whether Cordis has proven that the NIR stent infringes the asserted claim and whether Boston Scientific has proven the asserted claim invalid. Concentrate on that, not the number of patents or claims.

15

## THE ASSERTED CLAIM

Cordis asserts that the accused stent infringes claim 23 of the '762 patent.  This is the "asserted claim."

Claim 23 of the '762 patent begins at column 12, line 56 of the '762 patent which is exhibit 3 in evidence.

The purpose of the claims is to provide notice to the public of what a patent covers and does not cover.  The claims define the boundaries of the invention described and illustrated in the patent and the patent owner's property rights.  Infringement is the act of trespassing on those rights.  Only the claims of the patent can be infringed.  Neither the specification, which is the written description of the invention, nor the drawings of the patent can be infringed.

Not every claim of a patent must cover every feature of the patented invention.  Each claim is a separate statement of the patented invention and, therefore, each asserted claim must be considered individually.  To show infringement of a particular patent, a plaintiff such as Cordis need only establish that the asserted claim in that patent has been infringed.

16

## DEPENDENT AND INDEPENDENT CLAIMS

There are two different types of claims in a patent. The first type is called an "independent" claim. An independent claim does not refer to any other claim of the patent. An independent claim is read alone to determine its scope.

The second type, a "dependent" claim, refers to at least one other claim in the patent and, thus, incorporates whatever that other claim says. Accordingly, to determine what a dependent claim covers, you must read both the dependent claim and the claim or claims to which it refers.

For example, claim 13 of the '762 patent, which is not asserted in this case, is an "independent" claim. You know this because claim 13 does not refer to any other claim. Accordingly, the words of this claim are read by themselves in order to determine what the claim covers.

On the other hand, claim 23 of the '762 patent is a "dependent" claim. If you look at claim 23, it refers to claim 13. Therefore, to determine what claim 23 covers, you must consider both the words of claims 13 and 23 together.

**OPEN ENDED OR "COMPRISING" CLAIMS**

Claim 13 of the patent in suit use the transitional term "comprising."  "Comprising" is interpreted the same as "including" or "containing."  In patent claims, comprising means that the claims are open ended.  This means that the claim is not limited to products that include only what is in the claim and nothing else.  If you find that the accused stent includes all of the limitations in any asserted claim that use the term "comprising," the fact that it may also include additional elements is irrelevant.  The presence of additional elements does not mean that the stent does not infringe a patent claim.

18

CONSTRUCTION OF CLAIMS

It is my duty under the law to define what patent claims mean.  I have made my determination on the meaning of the disputed language in the asserted claim.  The meanings I give you, as well as the remaining claim language, should be interpreted by you in accordance with their normal dictionary meanings.  You must use the same meaning for each claim for both your decisions on infringement and your decisions on validity.

You are advised that the following definitions for the following terms must be applied:

**"Tubular member."**  A discrete structure that has the form of a tube, that is, a hollow, elongated, usually cylindrical structure with two ends.

**"Thin-walled."**  The wall of the tubular member must have little extent from one surface to its opposite at both its first and second diameters.

**"Wall surface."**  The outer surface of the tubular member must be disposed in a common cylindrical plane.

**"Substantially uniform thickness."**  The wall of a tubular member must be of largely or approximately uniform thickness.  A

19

wall that varies in thickness by as much as 100 percent cannot be said to be of substantially uniform thickness.

**"Plurality of slots."**  More than one slot.  A "slot" is a long and narrow opening or groove, an opening whose length is substantially greater than its width.  The claim requires slots in the tubular members that run substantially parallel to the longitudinal axis.

**"Slots formed therein."**  The stent must be constructed to contain a plurality of slots in its wall surface.

**"Smooth surface."**  The outside of the wall surface of the unexpanded tubular member has a continuously even surface, without roughness, points, bumps or ridges, especially to the touch.

## PATENT INFRINGEMENT GENERALLY

A patent owner may enforce its right to exclude others from making, using, offering to sell or selling a patented invention within the United States by filing a lawsuit for patent infringement.  Here, Cordis has alleged that the accused stent infringes the asserted claim.  Cordis has the burden of proving, by a preponderance of the evidence, that Boston Scientific has infringed the asserted claim.

Patent law provides that any person or business entity which makes, uses, offers to sell, sells, or imports, without the patent owner's permission, any product or method legally protected by at least one valid claim of a patent in the United States before the patent expires, infringes the patent.

A company may infringe a patent without knowledge that what it is doing is an infringement of the patent.  A company may also infringe even though, in good faith, it believes that what it is doing is not an infringement of any patent.  Knowledge or intent to infringe is not relevant.

21

INFRINGEMENT ANALYSIS

For an accused product to infringe an asserted claim, the subject matter of the claim must be found in the accused product. In other words, an asserted claim is infringed if the accused product includes each and every limitation of the claim. Infringement must be determined by comparing the accused product to the asserted claim.  If the accused product omits any single limitation recited in the asserted claim, that product does not infringe that claim.

In this case, Cordis contends that the wall of the tubular member of the accused stent literally meets the "substantially uniform thickness" limitation of the asserted claim.  The court has defined this limitation on page 19-20.  In order for you to determine whether the wall of the tubular member of the accused stent meets the "substantially uniform thickness" limitation of the asserted claim, you must determine whether the physical structure of the tubular member of the accused stent precisely meets or satisfies the claim language as construed by the court.

Remember the question is whether the "substantially uniform thickness" limitation is met, and not whether the accused stent is similar or even identical to a stent made by Cordis. Accordingly, you must be certain to compare the accused stent

22

with the "substantially uniform thickness" limitation and not
with any stent made by Cordis.

Keep in mind as well that, so long as the wall of the
tubular member of the accused stent satisfies the "substantially
uniform thickness" limitation of the asserted claim, that
asserted claim is infringed by the accused stent, even if the
stent was independently developed, patented, or represents an
improvement over the invention described in the asserted claim.

Therefore, if you find that the wall of the tubular member
of the accused stent has a "substantially uniform thickness," you
must return a verdict of infringement as to the asserted claim.

If you do not find that the wall of the tubular member of
the accused stent has a "substantially uniform thickness," you
must return a verdict of noninfringement as to the asserted
claim.

23

### AFFIRMATIVE DEFENSE OF INVALIDITY - GENERALLY

Boston Scientific contends that the asserted claim is invalid because it is obvious.

In considering Boston Scientific's assertions of invalidity, the court instructs you that the law presumes each claim to be valid. In addition, each claim of a patent is presumed valid independently of every other claim in the patent. It is Boston Scientific's burden to prove invalidity by clear and convincing evidence.

**OBVIOUSNESS**

In order to be patentable, an invention must not be obvious to a person of ordinary skill in the art at the time the invention was made.

The issue is not whether the claimed invention would be obvious to you as a layman, to me as a judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art at the time it was made without the teachings of the patent in suit.

In determining obviousness or nonobviousness of the claimed subject matter of the asserted claim, the following steps should be taken by you:

First, you should determine the scope and content of the prior art;

Second, you should identify the differences, if any, between the asserted claim and the prior art;

Third, you should determine the level of ordinary skill in the pertinent art at the time the claimed invention was made; and

Fourth, you should consider objective evidence of nonobviousness, if any.

25

Against this background, you will make your decision as to whether the claimed subject matter would have been either obvious or nonobvious to a person of ordinary skill in the pertinent art at the time the invention was made.

## SCOPE AND CONTENT OF THE PRIOR ART

In arriving at your decision on the issue of whether or not the claimed invention is obvious to one of ordinary skill in the art, you must first determine the scope and content of the prior art. This means that you must determine what prior art was reasonably pertinent to the particular problem with which the inventor was faced. The scope and content of the prior art includes references from those areas a person with ordinary skill in the art would look to in solving a particular problem. A person of ordinary skill in the art knows of all such references. The prior art includes the following:

1. A public use in the United States by a person other than the inventor of the patent in suit more than one year prior to the date of the application for the patent in suit, where the use is not limited by obligations of secrecy or other restrictions;

2. Patents issued more than one year prior to the application for the patent in suit; and

3. Printed publications having a publication date more than one year prior to the application for the patent in suit.

27

## DIFFERENCES OVER PRIOR ART

The next step you must take is to consider the differences, if any, between the identified prior art and the claimed invention.  In comparing the prior art to the asserted claim, you should refer to the court's definitions on pages 19 through 20 to determine the scope of the claimed invention described in the asserted claim.  The asserted claim must be considered in its entirety and separately from the other claims.

Although it is proper for you to note any differences between the claimed invention and the prior art, it is improper to consider the invention as only the differences, because the test is whether the claimed invention as a whole would have been obvious over all of the prior art.

A patent claim is not obvious simply because all of its limitations are found in the prior art.  If you find that the individual limitations of the asserted claim are present in the prior art, you must determine whether it would have been obvious to a person of ordinary skill in the art to combine or modify the prior art elements in the same manner as the asserted claim.

Obviousness is determined by comparing the prior art to the asserted claim; therefore, it is not improper to review the patent in suit at the start of the obviousness inquiry.  However,

28

a determination of obviousness cannot be based upon the hindsight combination of prior art.  It is wrong to use the patent in suit as a guide through the maze of prior art references, combining the right references in the right way so as to achieve the result of the asserted claim.  The teachings of different prior art references may only be combined if the prior art as a whole teaches, suggests or motivates such a combination.  A suggestion to combine references may also flow from the nature of the problem or from the ordinary knowledge of those skilled in the art that certain references are of special importance.  If the prior art references as a whole do not teach, suggest or motivate that combination, then they may not be combined.  The mere fact that the prior art can be modified does not make the modification obvious unless the prior art suggests the desirability of the modification.

For the prior art to suggest the claimed invention, it is not necessary that one of ordinary skill in the art, looking at the prior art, could predict with certainty that the claimed invention would be successful.  Rather, it is sufficient that the prior art would have suggested to one of ordinary skill that the claimed invention would have a reasonable likelihood of success.

## LEVEL OF ORDINARY SKILL

The person of ordinary skill is not the inventor but rather a hypothetical person who is aware of all the prior art at the time of the invention.

In this case, a person of ordinary skill is a physician in the field of treating occlusive vascular disease in combination with an engineer with a B.S. degree in mechanical or biomedical engineering or materials science and five years experience in designing medical devices for implantation in the body.

## OBVIOUS TO TRY

The evidence might indicate to you that what the inventor did was obvious to try.  Even if this were the case, this does not indicate the asserted claim is invalid for obviousness. "Obvious to try" is not the standard.  The test is whether the claimed invention as a whole would have been obvious to those of ordinary skill in the inventor's field at the time he made the invention.

**OBJECTIVE CRITERIA CONCERNING NONOBVIOUSNESS (SECONDARY CONSIDERATIONS)**

In making your decision as to the obviousness or non-obviousness of the claimed invention, you must consider the following objective evidence which may tend to show non-obviousness of the asserted claim:

1.  A long felt need in the art which was satisfied by the claimed invention;

2.  The failure of others to solve the problem solved by the claimed invention;

3.  The inventor proceeds contrary to the accepted wisdom of the art;

4.  Any expressions of disbelief or skepticism that may have been expressed towards the claimed invention;

5.  Unexpected results achieved by the claimed invention;

6.  Praise of the claimed invention by the infringer or others in the field;

7.  Commercial success of Cordis's products covered by the claimed invention; and

8.  The taking of licenses under the patent by others.

32

There must be a connection between the evidence showing any of these factors and the claimed invention if this evidence is to be given weight by you in arriving at your conclusion on the obviousness issue.  For example, if commercial success is due to advertising, promotion, salesmanship or the like, or is due to features of the product other than those described in the asserted claim, then any commercial success may have no relation to the issue of obviousness.

## DELIBERATION AND VERDICT

### INTRODUCTION

Let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

You can only deliberate when all jurors are present in the room.  Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I will have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson, who by custom of this court is juror No. 1.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your vote.  For example, do not write down or tell anyone that you are split 4-4 or 6-2, whatever your vote happens to be.  That should stay secret until you are finished.

## UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will return your verdict to the courtroom deputy.

35

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach a unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views and keep an open mind as you listen to what your fellow jurors have to say.

Try your best to work out your differences. Do not hesitate to change your mind it you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that - your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

If any member of the jury took notes, let me remind you that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

37

If you did not take notes, you should rely upon your own memory of what was said and not be overly influenced by the notes of other jurors.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

## COURT HAS NO OPINION

Let me repeat something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourselves based on the evidence presented.