IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORDIS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 97-550-SLR |
| | ) | |
| MEDTRONIC VASCULAR, INC., BOSTON | ) | |
| SCIENTIFIC CORP., AND SCIMED LIFE | ) | |
| SYSTEMS, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BOSTON SCIENTIFIC CORPORATION | ) | |
| and SCIMED LIFE SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 98-19-SLR |
| | ) | |
| ETHICON, INC., CORDIS CORPORATION, | ) | |
| and JOHNSON & JOHNSON | ) | |
| INTERVENTIONAL SYSTEMS COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**CORDIS' COMBINED: (i) ANSWERING BRIEF IN OPPOSITION TO BSC'S MOTION
TO AMEND THE JUDGMENT; AND (ii) OPENING BRIEF IN SUPPORT OF ITS
CROSS-MOTION TO AMEND THE JUDGMENT**

*Of Counsel*:

Gregory L. Diskant
William F. Cavanaugh, Jr.
Eugene M. Gelernter
Michael J. Timmons
Scott B. Howard
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
212-336-2999

Dated: April 28, 2005

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19801
(302)645-1888
*Attorneys for Cordis Corporation*

On April 14, 2005, BSC moved to amend the judgment in the instant action. While Cordis agrees that entry of an amended judgment is appropriate at this time, Cordis objects to BSC's proposed Judgment because (1) the judgment uses a different format then the Court has used in the past, (2) the judgment inaccurately describes the status of the case with respect to damages, (3) the judgment does not include an injunction, and (4) the judgment does not award Cordis its costs. Cordis accordingly has cross-moved for the entry of judgment, and respectfully submits this combined brief in connection with both motions. Cordis' proposed Judgment, which uses the same format this Court has used in the past, is attached hereto as Exhibit A.

## I.    BSC's Judgment Uses An Improper Format

Throughout this case and other stent cases pending before this Court, this Court has always used a consistent format in its orders of judgment. For example, the May 15, 2002 judgment in this case with respect to Medtronic AVE (D.I. 1154) states in relevant part:

> IT IS ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of Medtronic AVE, Inc. ("AVE") and against Expandable Grafts Partnership and Cordis Corporation (collectively "Cordis") with respect to AVE's infringement of claims 23, 51, and 54 of United States Patent No. 4,739,762 ("the '762 patent") and of claims 1 and 3 of United States Patent No. 5,195,984 ("the '984 patent").

> IT IS FURTHER ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of Cordis and against AVE with respect to the validity of claims 23, 51, and 54 of the '762 patent and of claims 1 and 3 of the '984 patent, and with respect to the enforceability of the '762 and '984 patents.

> IT IS FURTHER ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of AVE and against Cordis with respect to AVE's infringement of claims 1, 3, and 5 of United States patent No. 5,902,332 ("the '332 patent") and of claims of United States Patent No. 5,102,417 ("the '417 patent").

Cordis sees no reason to depart from this format.

Similarly, in the past, this Court's judgments have not made any specific recitation of the dismissal of the Complaint or Counterclaims. E.g., D.I. 1154; Scimed Life Systems, Inc. v. Johnson & Johnson, Civ. No. 99-904-SLR, Judgment in a Civil Case (D.I. 293) (D. Del. Sept. 27, 2002). Again, Cordis sees no reason to depart from the Court's standard practice.

## II.     The Issue Of Damages Has Not Been Stayed Pending Appeal

On more substantive grounds, BSC's proposed Judgment incorrectly characterizes the state of the case with respect to damages. According to BSC's proposed judgment, damages have been bifurcated until after the appeal in this case. However, as the record reflects, that is not true. Instead, the Court merely bifurcated damages until it had resolved the liability issues.

During the September 22, 2004 hearing, BSC asked the Court to bifurcate damages until after the appeal in this case. D.I. 1253 at 9-10. However, the Court did not do so. Instead, the Court ruled that: "Damages will be bifurcated until we have addressed as a final matter validity and infringement. I think the trial schedule is set." D.I. 1253 at 27. Noticeably absent from the Court's order was any reference to damages being bifurcated until after the appeal, the specific relief BSC requested. Instead, the Court made it clear that it was merely bifurcating damages until the Court had made a final determination on liability.

With the liability issues now resolved, it is time to enter a judgment that includes damages and send the entire case on appeal to the Federal Circuit. Damages should not be bifurcated, resulting in a piecemeal appeal, which the Federal Circuit frowns upon. See Pause Tech. LLC v. Tivo Inc., 401 F.3d 1290, 1292-93 (Fed. Cir. 2005) (the purpose of the final judgment rule is to prevent piecemeal appeals).

### III.    Cordis Is Entitled To An Injunction

#### A.    Cordis Is Entitled to an Injunction

Patents provide their owners with "the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States or importing the invention into the United States." 35 U.S.C. § 154(a)(1).  To insure the patentee the benefit of that right to exclude, following the entry of a judgment of infringement the patent laws provide for the issuance of an injunction.  35 U.S.C. § 283.  This right to an injunction is necessary to enforce the right to exclude and to ensure that the constitutional mandate for patent laws – to promote the progress of useful arts – is met.  Smith Int'l, Inc. v. Hughes Tool Co., 718 F.2d 1573, 1577-78 (Fed. Cir. 1983).

After a finding in favor of the patent owner, "injunctive relief against an infringer is the norm." KSM Fastening Sys., Inc. v. H.A. Jones Co., 776 F.2d 1522, 1524 (Fed. Cir. 1985); Richardson v. Suzuki Motor Co., Ltd., 868 F.2d 1226, 1247 (Fed. Cir. 1989) ("[A]n injunction will issue when infringement has been adjudged, absent a sound reason for denying it."); W.L. Gore & Assocs., Inc. v Garlock, Inc., 842 F.2d 1275, 1281 (Fed. Cir. 1988) ("This court has indicated that an injunction should issue once infringement has been established unless there is a sufficient reason for denying it."); Biacore, AB v. Thermo Bioanalysis Corp., 79 F. Supp. 2d 422, 474 (D. Del. 1999).  (Robinson, J.), aff'd., 2002 WL 418166 (Fed. Cir. Mar. 15, 2002).  Because the '762 patent is valid, enforceable and infringed, an injunction should be entered.

#### B.    The Injunction Should Cover "Colorable Variations"

Not only is Cordis entitled to an injunction covering the stents the jury found to infringe – the BSC NIR stents – but Cordis is also entitled to an injunction covering colorable variations of those stents.  KSM, 776 F.2d at 1525-27.  In KSM, the Federal Circuit explained:

> "A decision adjudging infringement necessarily finds the particular accused device to be within the valid boundary of the patent. The decree usually carries a prohibition against further infringement— not as to any and every possible infringement, but as to the particular device found to be [an] infringement and as to all other devices which are merely 'colorable' changes of the infringing one or of the patent."

Id., 776 F.2d at 1524-25 (quoting Am. Foundry & Mfg. Co. v. Josam Mfg. Co., 79 F.2d 116, 118 (8th Cir. 1935)) (emphasis added). Thus, as a matter of course, injunctions in patent cases prohibit the infringer from making the accused products and colorable variations. E.g., Century Wrecker Corp. v. E.R. Buske Mfg. Co., 913 F. Supp. 1256, 1294-95 (N.D. Iowa 1996); Dentsply Int'l, Inc. v. Kerr Mfg. Co., 42 F. Supp. 2d 385, 400 (D. Del. 1999) (contempt proceeding is appropriate where there is no more than a colorable difference between the enjoined accused and adjudged device); Genentech, Inc. v. Wellcome Found. Ltd., 826 F. Supp. 828, 831 (D. Del. 1993) ("[A]n injunction against infringement necessarily implies an injunction against devices that are a 'merely colorable' variation of the patented device. . . .").

## IV.    Cordis Is Entitled To Costs

Finally, BSC's proposed judgment erroneously requires each side to pay for its own costs. That is not correct. Instead, BSC should be required to pay Cordis' costs.

Under Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1, a prevailing party is entitled to an award of its costs. In this case, Cordis is the prevailing party. Although it did not win on all of its claims, Cordis is entitled to damages on all of BSC's sales of the NIR. That is the relief Cordis sought in the case and that is the relief Cordis received. Cordis is therefore the prevailing party, Farrar v. Hobby, 506 U.S. 103, 111-13 (1992), and is entitled to recover its costs.

## CONCLUSION

For the reasons set forth above, this Court should reject BSC's proposed amended judgment and adopt Cordis' proposed judgment.

ASHBY & GEDDES

*/s/ Steven J. Balick*

_____
Steven J. Balick (#2114)
John G. Day (#2403)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware  19801
(302) 654-1888
*Attorneys for Cordis Corporation*

*Of Counsel:*

Gregory L. Diskant
William F. Cavanaugh, Jr.
Eugene M. Gelernter
Michael J. Timmons
Scott B. Howard
PATTERSON, BELKNAP, WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, New York  10036-6710
(212) 336-2000

Theodore B. Van Itallie, Jr.
Eric I. Harris
Paul A. Coletti
JOHNSON & JOHNSON
One Johnson & Johnson Plaza
New Brunswick, New Jersey  08933

Dated:  April 28, 2005
156614.1