IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



| | | |
|---|---|---|
| CORDIS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 97-550-SLR |
| | ) | (Consolidated) |
| MEDTRONIC VASCULAR, INC. | ) | |
| BOSTON SCIENTIFIC CORPORATION, | ) | |
| and SCIMED LIFE SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BOSTON SCIENTIFIC CORPORATION, | ) | |
| and SCIMED LIFE SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 98-19-SLR |
| | ) | |
| ETHICON, INC., | ) | |
| CORDIS CORPORATION, and | ) | |
| JOHNSON & JOHNSON | ) | |
| INTERVENTIONAL SYSTEMS CO. | ) | |
| | ) | |
| Defendants. | ) | |

**BSC'S COMBINED (i) REPLY BRIEF IN SUPPORT OF
BSC'S MOTION TO AMEND THE JUDGMENT AND
(ii) ANSWERING BRIEF IN OPPOSITION TO
CORDIS'S CROSS-MOTION TO AMEND THE JUDGMENT**

Josy W. Ingersoll (I.D. #1088)
Karen E. Keller (I.D. #4489)
YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
(302) 571-6600

Attorneys for Defendants
BOSTON SCIENTIFIC CORPORATION,
and BOSTON SCIENTIFIC SCIMED, INC.
(formerly SCIMED LIFE SYSTEMS, INC.)

Of Counsel:
George E. Badenoch
Charles R. Brainard
Walter E. Hanley, Jr.
Mark A. Chapman
Huiya Wu
KENYON & KENYON
One Broadway
New York, New York 10004
(212) 425-7200

May 12, 2005

**TABLE OF CONTENTS**

Page

SUMMARY OF ARGUMENT ........................................................................................1

ARGUMENT ...............................................................................................................2

I.     BSC Does Not Object to Cordis's Proposed Format for the Judgment, But
       BSC Does Disagree With Certain Aspects of the Substance of the
       Judgment. ....................................................................................................2

       A.     Judgment Should Only Be Entered in Cordis's Favor With Respect
              to the Validity of Claim 23 For Obviousness Because That Was the
              Only Validity Issue Decided at Trial. ...........................................................3

       B.     Judgment Should Be Entered in BSC's Favor With Respect to the
              Patent Claims that Cordis Withdrew Before Trial In Order to
              Finally Resolve Cordis's Allegations of Infringement. ................................3

       C.     Judgment Should Not Be Entered In Cordis's Favor With Respect
              to Damages Because the Court Should Adhere To Its Decision to
              Defer All the Damages Issues Until After All the Liability Issues
              Have Been Finally Determined Through Appeal. ........................................4

       D.     The Scope of Cordis's Proposed Injunction Is Too Broad. .........................6

       E.     The Issuance of An Injunction Should Be Stayed During the
              Pendency of BSC's Appeal..........................................................................8

              1.     There is a Strong Likelihood of Success on the Merits of
                     BSC's Appeal Because There is a Strong Chance That the
                     Federal Circuit May Reverse This Court's Prosecution
                     History Estoppel Rulings. ..............................................................8

              2.     Given the Strong Likelihood of Success of BSC's Appeal
                     on the Merits, the Other Equitable Factors Do Not Change
                     the Balance In Favor of Preserving the Status Quo By
                     Granting a Stay. .........................................................................13

       F.     Regardless of Whether Cordis is the "Prevailing Party," the Court
              Should Exercise Its Discretion And Order Each Party to Bear Its
              Own Costs....................................................................................................14

CONCLUSION.............................................................................................................16

i

## TABLE OF AUTHORITIES

### FEDERAL CASES

*C.R. Bard v. Medtronic,*
No. 96-589-SLR, 1999 U.S. Dist. LEXIS 9875
(D. Del. June 15, 1999) ...................................................................................... 13

*Carden v. Westinghouse Elec. Corp.,*
850 F.2d 996 (3d Cir. 1988) ............................................................................... 11

*Cordis Corp. v. Medtronic AVE, Inc.,*
339 F.3d 1352 (Fed. Cir. 2003) .......................................................................... 12

*E. I. Du Pont de Nemours & Co. v. Phillips Petroleum Co.,*
835 F.2d 277 (Fed. Cir. 1987) ............................................................................ 12

*Genentech v. Wellcome Foundation Ltd.,*
826 F. Supp. 828 (D. Del. 1993) ........................................................................... 7

*Hallco Mfg. Co. v. Foster,*
256 F.3d 1290 (Fed. Cir. 2001) ............................................................................. 4

*Hilton v. Braunskill,*
481 U.S. 770 (1987) ............................................................................................... 8

*In re Hayes Microcomputer Prods., Inc. Patent Litigation,*
766 F. Supp. 818 (N.D. Calif. 1991) .............................................................. 13, 14

*Kearns v. Chrysler Corp.,*
32 F.3d 1541 (Fed. Cir. 1994) ............................................................................... 6

*KSM Fastening Sys. v. H.A. Jones Co.,*
776 F.2d 1522 (Fed. Cir. 1985) ............................................................................. 7

*Litton Systems, Inc. v. Honeywell, Inc.,*
140 F.3d 1449 (Fed. Cir. 1998) ...................................................................... 11, 12

*Manildra Milling Corp. v. Ogilvie Mills, Inc.,*
76 F.3d 1178 (Fed. Cir. 1996) ........................................................................ 14, 15

*Omega Engineering, Inc. v. Raytek Corp.,*
334 F.3d 1314 (Fed. Cir. 2003) ........................................................................... 11

*Rhodia Chimie v. PPG Indus., Inc.,*
402 F.3d 1371 (Fed. Cir. 2005) ........................................................................ 9, 10

*Ruiz v. A.B. Chance Co.*,
    234 F.3d 654 (Fed. Cir. 2000).............................................................................. 15

*Southwall Techs., Inc. v. Cardinal IG Co.*,
    54 F.3d 1570 (Fed. Cir. 1995).............................................................................. 12

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
    897 F.2d 511 (Fed. Cir. 1990)......................................................................... 8, 12

*Talbert Fuel Sys. Patents Co. v. Unocal Corp.*,
    347 F.3d 1355 (Fed. Cir. 2003)....................................................................... 9, 10

*Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*,
    No. 99-CV-274-SLR, 2004 U.S. Dist. LEXIS 10730
     (D. Del. June 9, 2004)............................................................................... 6, 7, 12

*Wang Labs., Inc. v. Toshiba Corp.*,
    No. 90-1477-A, 1991 WL 333701 (E.D. Va. Aug. 23, 1991) ............................. 13

## RULES

Fed. R. Civ. P. 54(d) .......................................................................................... 14

Fed. R. Civ. P. 62(c) ............................................................................................ 8

Fed. R. Civ. P. 65(d) ............................................................................................ 6

Local Rule 54.1 ................................................................................................... 14

Defendants Boston Scientific Corporation and Boston Scientific Scimed, Inc. (formerly Scimed Life Systems, Inc.) (collectively "BSC") respectfully submit this combined (i) reply brief in support of BSC's motion to amend the judgment (D.I. 1382) and (ii) answering brief in opposition to plaintiff Cordis Corporation's ("Cordis") cross-motion to amend the judgment (D.I. 1400, 1401).

## SUMMARY OF ARGUMENT

BSC does not object to Cordis's proposed format for the judgment, but BSC does disagree with the substance of Cordis's proposed judgment in the following respects.

First, judgment should only be entered in favor of Cordis and against BSC with respect to the validity of claim 23 of the '762 patent for obviousness because the only validity issue decided by the jury at the recent trial was whether claim 23 would have been obvious in view of the prior art Ersek patent and Palmaz RSNA Abstract.

Second, judgment should be entered in favor of BSC with respect to BSC's alleged infringement of the asserted claims of the '762 patent, '417 patent and '332 patent that Cordis withdrew with prejudice before trial, in order to finally resolve Cordis's allegations of infringement of those claims.

Third, judgment should not be entered in Cordis's favor with respect to damages because the Court should adhere to its decision at the September 22, 2004 teleconference to defer all the damages issues until after all the liability issues have been finally determined through appeal.

Fourth, Cordis's proposed injunction is too broad and should be limited to the scope permitted by Federal Rule of Civil Procedure 65(d), to the duration of the term of the '762 patent, and to the NIR stent adjudicated to infringe.

Fifth, the Court should stay the issuance of any injunction during the pendency of BSC's appeal under Federal Rule of Civil Procedure 62(c) because there is a strong chance that the Federal Circuit may reverse this Court's prosecution history estoppel rulings and vacate the infringement verdict upon which the injunction would rest, and no other equitable factors change the balance in favor of a stay.

Sixth, the Court should exercise its discretion under Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1 and order that each party should bear its own costs because this has been a lengthy, expensive, complicated and close case in which BSC prevailed on every asserted claim except claim 23, for which Cordis received a verdict only under the doctrine of equivalents and in the absence of a correct prosecution history estoppel ruling.

## ARGUMENT

### I.  BSC Does Not Object to Cordis's Proposed Format for the Judgment, But BSC Does Disagree With Certain Aspects of the Substance of the Judgment.

Cordis objects to the format of BSC's proposed judgment (D.I. 1382, Ex. A) and proposes an alternative format based on the format used by the Court when it entered judgment in the AVE case after deciding post-trial motions in 2002 (Cordis Br. 1, Ex. A).

BSC does not object to Cordis's proposed format for the judgment, but BSC does disagree with the substance of Cordis's proposed judgment in several respects, as explained below.  Accordingly, BSC has attached a revised proposed form of judgment which uses Cordis's proposed format but which also addresses these substantive issues. *See* Ex. A.

2

A.   **Judgment Should Only Be Entered in Cordis's Favor With Respect to the Validity of Claim 23 For Obviousness Because That Was the Only Validity Issue Decided at Trial.**

Judgment should only be entered in favor of Cordis and against BSC with respect

to the validity of claim 23 of the '762 patent for obviousness. *See* Ex. A. The only

validity issue decided by the jury at the recent trial was whether claim 23 was invalid for

obviousness in view of the prior art Ersek patent and Palmaz RSNA Abstract. Cordis's

proposal to enter judgment simply with respect to "the validity of claim 23" is too broad

and ignores the fact that BSC has asserted an independent invalidity defense based on the

prior art Palmaz monographs in Cordis's case on the '762 patent against BSC's Express,

Taxus and Liberté stents. *See* D.I. 229, 231 in *Cordis Corp. v. Boston Scientific Corp.*,

C.A. 03-027-SLR.

The relevant section of BSC's proposed judgment adds the term "for

obviousness" and reads as follows:

> IT IS FURTHER ORDERED AND ADJUDGED that judgment be and is
> hereby entered in favor of Cordis and against BSC with respect to the
> validity of claim 23 of the '762 patent for obviousness;

B.   **Judgment Should Be Entered in BSC's Favor With Respect to the Patent Claims that Cordis Withdrew Before Trial In Order to Finally Resolve Cordis's Allegations of Infringement.**

Judgment should also be entered in favor of BSC with respect to BSC's alleged

infringement of claims 51, 52 and 54 of the '762 patent, claims 17, 18, 25 and 26 of the

'417 patent, and claim 24 of the '332 patent. *See* Ex. A. Cordis withdrew its allegations

of infringement of these patent claims with prejudice before trial,[1] so judgment in BSC's

---

[1] Cordis withdrew the '417 patent with prejudice before trial on March 22, 2000.
D.I. 662. Although Cordis alleged infringement of claims 51, 52 and 54 of the '762

3

favor is appropriate to finally resolve Cordis's allegations based on those claims.  *See*

*Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1297 (Fed. Cir. 2001) (the dismissal of a claim

with prejudice is a judgment on the merits).

      Cordis has not provided any justification for omitting these claims from the

judgment.  In 2002, Cordis did not dispute the entry of judgment in favor of AVE on the

'332 and '417 patent claims that Cordis did not assert against AVE at trial.  *See* D.I.

1148, 1154.  Moreover, Cordis recently agreed to a stipulated form of judgment in the

Fischell case which dismisses Cordis's complaint with prejudice.  *See* D.I. 306, 307,

*Cordis Corp. v. Boston Scientific Corp.*, C.A. 98-197-SLR.  Entry of judgment in this

case in favor of BSC on the patent claims that Cordis withdrew before trial is similarly

appropriate.

      The relevant section of BSC's proposed judgment incorporates this change and

reads as follows:

> IT IS FURTHER ORDERED AND ADJUDGED that judgment be and is
> hereby entered in favor of BSC and against Cordis with respect to the
> infringement of claims 51, 52 and 54 of the '762 patent, claims 17, 18, 25
> and 26 of U.S. Patent No. 5,102,417, and claim 24 of the '332 patent;

**C.**     **Judgment Should Not Be Entered In Cordis's Favor With Respect to
Damages Because the Court Should Adhere To Its Decision to Defer
All the Damages Issues Until After All the Liability Issues Have Been
Finally Determined Through Appeal.**

      Judgment should *not* be entered in Cordis's favor with respect to damages.

Cordis Br. 2.  As BSC explains in its answering brief to Cordis's separate motion to

reinstate the damages verdict, given the possibility that the outcome of the upcoming

---

patent and claim 24 of the '332 patent in its last amended complaint (D.I. 449), Cordis
did not assert those claims against BSC at trial (D.I. 1127 at 22).

BSC and AVE liability appeals may affect the damages issues, the Court should adhere to
its previous decision at the September 22, 2004 teleconference to defer all the damages
issues until after all the liability issues—including the infringing status of the accused
BSC and AVE stents—have been finally determined through appeal. *See* D.I. 1405.

The Court should reject Cordis's argument that at the September 22, 2004
teleconference the Court did not bifurcate the damages issues through appeal but only
through a final determination on liability by this Court. Cordis Br. 2. Given BSC's
argument during the teleconference that "damages should be put off entirely until after all
of the liability issues are determined *through appeal*" (D.I. 1253, Tr. 10:7-9 (emphasis
added)), and given that Cordis opposed any bifurcation of damages whatsoever and did
not propose as an alternative merely bifurcating damages until liability was determined
by this Court (*id.* 15:25-16:20), BSC interprets the Court's ruling that "[d]amages will be
bifurcated until we have addressed as a *final matter* validity and infringement" (*id.* at
27:8-9 (emphasis added)) to mean that the damages issues are deferred until after the
liability issues have been finally determined through appeal. However, even if BSC's
interpretation of the Court's ruling is incorrect, the Court should extend its ruling to defer
the damages issues until the liability issues have been finally determined through appeal,
for the same reasons set forth in BSC's answering brief in opposition to Cordis's motion
to reinstate the damages verdict. *See* D.I. 1405.

The relevant section of BSC's proposed judgment incorporates this change and
reads as follows:

> IT IS FURTHER ORDERED AND ADJUDGED that, pursuant to the
> Court's ruling (D.I. 1253, Sept. 22, 2004 Tr. 27), the issue of damages for
> BSC's infringement of claim 23 of the '762 patent is deferred until after
> all the relevant liability issues are finally determined through appeal;

5

### D.    The Scope of Cordis's Proposed Injunction Is Too Broad.

BSC contends that Cordis is not entitled to an injunction because the Court should

grant BSC JMOL of noninfringement and invalidity, or, in the alternative, a new trial.

*See* D.I. 1385, 1395.  If the Court denies BSC's motion for JMOL and a new trial,

however, then BSC does not dispute that the Court may enter an injunction enjoining

further infringement of claim 23 by the NIR stent (but that injunction should be stayed

during the pendency of BSC's appeal for the reasons set forth in the next section).

However, Cordis's proposed injunction is too broad for three reasons.

First, Cordis's proposed injunction goes beyond the scope permitted by Rule

65(d) of the Federal Rules of Civil Procedure, which specifies that an injunction "is

binding only upon the parties to the action, their officers, agents, servants, employees,

and attorneys, and upon those persons in active concert or participation with them who

receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P.

65(d).  This Court recently incorporated this language from Rule 65(d) in an injunction in

a patent case.  *See Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, No.

99-CV-274-SLR, 2004 U.S. Dist. LEXIS 10730, at *69-70 (D. Del. June 9, 2004)

(Robinson C.J.) (Ex. B).

Second, Cordis's proposed injunction is not expressly limited to the duration of

the term of the '762 patent, which expires on November 7, 2005.  *See* 35 U.S.C. §

154(a)(2).  An injunction cannot extend beyond the term of the patent.  *See Kearns v.

Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994) ("[W]hen the rights secured by a

patent are no longer protectable by virtue of expiration or unenforceability, entitlement to

injunctive relief becomes moot because such relief is no longer available.").  This Court

6

recently expressly limited an injunction to the term of the patent.  *See Union Carbide*,

2004 U.S. Dist. LEXIS 10730, at *69-70.

      Third, Cordis's proposed injunction unnecessarily includes within its scope "any

colorable variations" of the NIR stent.  This language is unnecessary because, as Cordis

acknowledges in its brief, contempt proceedings will be available for any BSC stent that

is "no more than colorably different" than the NIR stent found to infringe even without

this language.  *See KSM Fastening Sys. v. H.A. Jones Co.*, 776 F.2d 1522, 1526-27 (Fed.

Cir. 1985); *Genentech v. Wellcome Foundation Ltd.*, 826 F. Supp. 828, 831 (D. Del.

1993) ("[A]n injunction against infringement necessarily implies an injunction against

devices that are a 'merely colorable' variation.").  Adding the "colorable variations"

language to the injunction would be confusing because it may suggest that a broader and

unwarranted scope is intended.  This Court recently limited an injunction to the accused

product and did not include the "colorable variations" language.  *See Union Carbide*,

2004 U.S. Dist. LEXIS 10730, at *69-70; *see also Genentech*, 826 F. Supp. at 831

(concluding that "enjoining the production of 'equivalent' or 'modified' devices as well

as the patented device would be redundant.").

      The relevant section of BSC's proposed judgment incorporates these changes to

the injunction order and reads as follows:

> IT IS FURTHER ORDERED AND ADJUDGED that BSC, its officers,
> agents, servants, employees, and those persons in active
> concert or participation with them who receive actual notice of the order
> by personal service or otherwise, are hereby enjoined, until November 7,
> 2005, the expiration date of the '762 patent, from infringing claim 23 of
> the '762 patent by making, using, selling or offering for sale in the United
> States, or by importing into the United States, the NIR stent;

**E.     The Issuance of An Injunction Should Be Stayed During the Pendency of BSC's Appeal.**

If the Court denies BSC's motion for JMOL of noninfringement and invalidity and BSC's motion for a new trial (D.I. 1385, 1395) and decides that Cordis is entitled to an injunction, the Court should stay the issuance of the injunction during the pendency of BSC's appeal pursuant to Rule 62(c) of the Federal Rules of Civil Procedure.

Rule 62(c) confers discretion on a district court to stay an injunction pending the outcome of an appeal of the judgment. Fed. R. Civ. P. 62(c). A determination to stay a permanent injunction is guided by four factors: (1) a strong showing of a likelihood of success on the merits of the appeal; (2) irreparable injury to the moving party absent a stay; (3) substantial injury to the other party if the stay is granted; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990). The four factors often effectively merge as the likelihood of success is weighed against the equities affecting the parties and the public. *Standard Havens*, 897 F.2d at 513 ("[I]n considering whether to grant a stay pending appeal, this court assesses movant's chances for success on appeal and weighs the equities as they affect the parties and the public." (citation omitted)).

A stay is warranted here because of the strong likelihood of success on the merits of BSC's appeal and the absence of any possible harm to Cordis or the public by granting a stay to preserve the status quo.

**1.     There is a Strong Likelihood of Success on the Merits of BSC's Appeal Because There is a Strong Chance That the Federal Circuit May Reverse This Court's Prosecution History Estoppel Rulings.**

There is a strong likelihood that BSC's appeal against the judgment that the NIR stent infringes claim 23 only under the doctrine of equivalents will be successful on one

8

or more grounds. In addition to the several grounds for JMOL and a new trial set forth in

BSC's recent motion (D.I. 1385, 1395), there are a number of legal claim construction

and prosecution history estoppel issues that will be subject to *de novo* review for the first

time during BSC's first appeal in this case. Given new Federal Circuit precedent, there is

a strong chance that the Federal Circuit may reverse this Court on one or more of these

legal issues, including the following two examples.

First, given new Federal Circuit precedent regarding the *Festo* "tangentialness"

rebuttal criterion, there is a strong chance that the Federal Circuit may reverse this

Court's amendment-based prosecution history estoppel decision (D.I. 1251) and hold that

Cordis cannot assert infringement by equivalents for the "smooth surface" limitation. In

its recent decision in *Rhodia Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 2005 U.S. App.

LEXIS 5869 (Fed. Cir. Apr. 11, 2005) (Ex. C), the Federal Circuit rejected the reasoning

underlying this Court's decision that the rationale for Cordis's amendments to distinguish

the prior art Ersek patent are "tangential" to the alleged equivalents on the NIR stent.

The Federal Circuit agreed with BSC and disagreed with this Court and Cordis by

holding that the standard for analyzing whether the rationale for an amendment is

tangential to the alleged equivalent under *Festo* is whether the parameter in question was

at issue during prosecution:

> Here, Rhodia amended its claim to incorporate numerous limitations
> identifying the specific characteristics that distinguished its invention from
> the prior art, including the trait that it was "dust-free and non-dusting." …
> As a claimed improvement over the prior art, *the relative dustiness of
> Rhodia's invention was at issue during prosecution* and thus the reason for
> the narrowing amendment *cannot be said to be tangential* to an equivalent
> that has that characteristic. *Talbert Fuel Sys. Patents Co. v. Unocal Corp.*,
> 347 F.3d 1355, 1360 (Fed. Cir. 2003) (holding that a narrowing
> amendment to address issues raised during prosecution was the "direct,
> not tangential, reason" for the narrowing amendment).

*Rhodia*, 2005 U.S. App. LEXIS 5869, at *30-31 (emphasis added).  BSC had urged this

Court to apply this very standard based on *Talbert*, and had argued that the rationale for

Cordis's amendments distinguishing Ersek was not tangential to the alleged equivalents

on the NIR stent because they both related to the same parameter that was at issue during

prosecution, namely, the smoothness of the outer surface of the wall.  D.I. 1233, 1242.

The Court rejected BSC's argument by purporting to distinguish *Talbert*,[2] but the Court

did concede that, if BSC was correct, then prosecution history estoppel would apply:

> Defendants argue that "a narrowing amendment will not be considered to
> be tangentially related if the disputed limitation was 'directly at issue'
> during prosecution." (D.I. 1234 at 20).  If this were the proper standard,
> then defendants should prevail.

D.I. 1251 at 11.

Since the Federal Circuit has now confirmed that BSC's argument based on

*Talbert* was correct, there is a strong chance that the Federal Circuit may reverse this

Court and hold that amendment-based prosecution history estoppel bars equivalents for

the "smooth surface" limitation.  Since there has been no finding that the NIR stent

---

[2] The Court purported to distinguish *Talbert* on the ground that the distinguished prior art in that case contained the alleged equivalent whereas the Ersek patent does not contain the alleged equivalents on the NIR stent. *See* D.I. 1251 at 13 n.5.  As BSC argued in its motion for reconsideration, this distinction is not consistent with the facts of *Talbert*.  D.I. 1257.  Even if it were, however, the Federal Circuit in *Rhodia* has now confirmed that such a distinction is irrelevant by confirming that the fact that the distinguished prior art does *not* contain the alleged equivalent does *not* mean that the rationale for the amendment is tangential or that the *Talbert* standard of whether the parameter was at issue does not apply:

> [A]n amendment made to avoid prior art that contains the equivalent in
> question is not tangential.  It does not follow, however, that equivalents
> not within the prior art must be tangential to the amendment.

*Rhodia*, 2005 U.S. App. LEXIS 5869, at *30.

*literally* satisfies that limitation, such a reversal would require the Federal Circuit to vacate the infringement verdict upon which any injunction would be based.[3]

Second, there is a strong chance that the Federal Circuit may also reverse this Court's *argument*-based prosecution history estoppel decision (D.I. 1127) and hold that Cordis cannot assert infringement by equivalents for the "wall surface" and "smooth surface" limitations. This Court held that argument-based estoppel did not apply to bar equivalents for those limitations because the Court had already concluded as part of the Court's claim construction analysis that Cordis's prosecution arguments distinguishing Ersek constituted a disclaimer narrowing the literal scope of the claim. *See* D.I. 1127 at 43-45 ("Because the court incorporated the patentee's arguments distinguishing Ersek into a structural definition of 'smooth surface' and finds no reason in the prosecution history to preclude a finding of equivalence, prosecution history estoppel does not narrow the doctrine of equivalents on this limitation.").

This was error under Federal Circuit precedent. The fact that Cordis's prosecution arguments constitute a disclaimer which narrows the literal scope of the claim means that they *also* constitute a surrender of equivalents to which prosecution history estoppel applies, not that they do not. *See Omega Engineering, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1326 n.1 (Fed. Cir. 2003) (the standard for prosecution disclaimer narrowing the literal scope of a claim "is the same standard applicable, in the context of

---

[3] *See* D.I. 1153 at 3-4 (*citing Litton Systems, Inc. v. Honeywell, Inc.*, 140 F.3d 1449, 1465 (Fed. Cir. 1998) ("[A]n appellate court must also vacate a jury verdict and remand for a new trial if a jury may have relied on an impermissible basis in reaching its verdict.") (citations omitted); *Carden v. Westinghouse Elec. Corp.*, 850 F.2d 996, 1000 (3d Cir. 1988)).

the doctrine of equivalents, to the doctrine of argument-based [prosecution history] estoppel." (*citing Litton*, 140 F.3d at 1458)); *see also Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1576-77, 1580 (Fed. Cir. 1995) (prosecution argument distinguishing prior art was both a disclaimer of literal scope and a surrender of equivalents giving rise to argument-based estoppel); *cf. Cordis Corp. v. Medtronic AVE, Inc.*, 339 F.3d 1352, 1363 (Fed. Cir. 2003) (prosecution argument that did not amount to a disclaimer of literal scope also did not amount to a surrender of equivalents giving rise to argument-based estoppel).

Accordingly, there is a strong chance that the Federal Circuit may reverse this Court and hold that argument-based estoppel bars equivalents for the "wall surface" and "smooth surface" limitations. Since there has been no finding that the NIR stent *literally* satisfies either of those limitations, such a reversal would require the Federal Circuit to vacate the infringement verdict upon which any injunction would be based.

In sum, a stay is appropriate because the verdict that the NIR stent infringes claim 23 only under the doctrine of equivalents rests on several critical legal rulings subject to *de novo* review which the Federal Circuit may reverse. *See Standard Havens*, 897 F.2d at 515-16 (staying injunction pending appeal where defendant raised "a substantial legal question" and presented a "substantial case" for appeal); *see also E. I. Du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278-79 (Fed. Cir. 1987) (staying injunction pending appeal where defendant raised "substantial legal questions concerning claim interpretation."); *see also Union Carbide*, 2004 U.S. Dist. LEXIS 10730, at *67 (staying injunction pending appeal where defendant raised "complex issues of law … which this court and the parties recognize would ultimately be resolved on appeal."); *see*

*also C.R. Bard v. Medtronic*, No. 96-589-SLR, 1999 U.S. Dist. LEXIS 9875, at *46 (D.

Del. June 15, 1999) (Ex. D) (staying injunction pending appeal where the verdict rested

"on a close question of law"), *aff'd in part and rev'd in part on other grounds*, 2000 U.S.

App. LEXIS 15316 (Fed. Cir. June 29, 2000).

> **2.    Given the Strong Likelihood of Success of BSC's Appeal on the Merits, the Other Equitable Factors Do Not Change the Balance In Favor of Preserving the Status Quo By Granting a Stay.**

Since BSC no longer sells the NIR stent (apart from some *de minimis* sales of

peripheral NIR stents), the second, third and fourth factors regarding injury to the parties

and the public interest do not change the balance in favor of a stay.  Given the likelihood

of success on the merits and the lack of harm to Cordis and the public, the Court should

preserve the status quo by staying an injunction.

With respect to the second factor, BSC does not dispute that, since it no longer

sells the NIR stent (apart from some *de minimis* sales of peripheral NIR stents), it will not

suffer any irreparable injury if the Court does not stay an injunction.  However, this is

offset by the fact that, with respect to the third factor, Cordis will not suffer any injury,

much less substantial injury, if the stay is granted, because monetary damages can

adequately compensate Cordis for BSC's infringement.  Indeed, Cordis has already

licensed several competitors under the '762 patent, including ACS and Abbott, and thus

has indicated its willingness to accept monetary compensation.  *See In re Hayes*

*Microcomputer Prods., Inc. Patent Litigation*, 766 F. Supp. 818, 823 (N.D. Calif. 1991)

(staying injunction pending appeal where patentee had licensed others); *Wang Labs., Inc.*

*v. Toshiba Corp.*, No. 90-1477-A, 1991 WL 333701, at *1 (E.D. Va. Aug. 23, 1991) (Ex.

E) (same).

13

Finally, the fourth factor regarding the public interest is neutral because the NIR

stent is no longer sold (apart from some *de minimis* sales of peripheral NIR stents) and

because of the balance between enforcing patent rights and promoting challenges to

patents. *See Hayes*, 766 F. Supp. at 823 (staying injunction in part because "the public

interest in this matter cuts both ways. Balancing the clear congressional policy to protect

a patentee's property rights is the interest of the public in fostering legitimate competition

by encouraging valid challenges to patents.").

In sum, the Court should stay the issuance of an injunction during the pendency of

BSC's appeal because, on balance, the strong likelihood of success on the merits

outweighs any possible harm to Cordis and the public, and the status quo should be

preserved.

The relevant section of BSC's proposed judgment incorporates such a stay and

reads as follows:

> IT IS FURTHER ORDERED AND ADJUDGED that, pursuant to Fed. R.
> Civ. P. 62(c), this injunction is hereby stayed during the pendency of any
> appeals of the judgment in this case;

**F.    Regardless of Whether Cordis is the "Prevailing Party," the Court
Should Exercise Its Discretion And Order Each Party to Bear Its Own
Costs.**

Finally, the Court should exercise its discretion under Rule 54(d)(1) of the Federal

Rules of Civil Procedure and Local Rule 54.1 and order that each party will bear its own

costs. Regardless of whether or not Cordis is the "prevailing party" for purposes of costs,

the Court has the discretion to deny Cordis costs. *See Manildra Milling Corp. v. Ogilvie

Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996) ("Even if a party satisfies the definition

of prevailing party, the district court retains broad discretion as to how much to award, if

any."). The Court should order that each party should bear its own costs here because, as

the Court well knows, this has been a lengthy, expensive, complicated and close case involving several patents, extensive discovery and motion practice, two jury trials and a bench trial.  Although Cordis changed its allegations several times before finally alleging infringement of 11 claims in three patents, ultimately Cordis withdrew all but three of those claims before trial.  BSC prevailed on two of those three claims, receiving verdicts that both claims are invalid and that one claim also is not infringed.  Cordis only received an infringement verdict in its favor on one claim, and then only under the doctrine of equivalents and in the absence of a correct prosecution history estoppel ruling.[4]  Given this history, it is appropriate to order that each party should bear its own costs.  *See Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 670 (Fed. Cir. 2000) (affirming district court decision declining to award costs where both parties prevailed on some issues).

The relevant section of BSC's proposed judgment incorporates such a costs order and reads as follows:

> IT IS FURTHER ORDERED AND ADJUDGED that, pursuant to Fed. R. Civ. P. 54(d)(1) and D. Del. LR 54.1, each party will bear its own costs.

*     *     *

---

[4] But for the infringement verdict under the doctrine of equivalents for claim 23 of the '762 patent, BSC would be the "prevailing party" because of the invalidity verdicts on claim 44 of the '762 patent and claim 22 of the '332 patent.  *See Manildra*, 76 F.3d at 1183 ("[A]s a matter of law, a party who has a competitor's patent declared invalid meets the definition of 'prevailing party.'").

## CONCLUSION

For the reasons set forth above, BSC respectfully urges the Court to grant BSC's motion to amend the judgment, deny Cordis's cross-motion to amend the judgment, enter judgment in the form attached as Exhibit A, and stay the issuance of any injunction during the pendency of BSC's appeal.

Respectfully submitted,

May 12, 2005                    By: _____

Josy W. Ingersoll (I.D. #1088)
Karen E. Keller (I.D. #4489)
YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
(302) 571-6600

Attorneys for Defendants
BOSTON SCIENTIFIC CORPORATION,
and BOSTON SCIENTIFIC SCIMED, INC.
(formerly SCIMED LIFE SYSTEMS, INC.)

Of Counsel:
George E. Badenoch
Charles R. Brainard
Walter E. Hanley, Jr.
Mark A. Chapman
Huiya Wu
KENYON & KENYON
One Broadway
New York, New York 10004
(212) 425-7200

16