IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CORDIS CORPORATION,
        *Plaintiff*,

     v.

MEDTRONIC VASCULAR, INC., BOSTON
SCIENTIFIC CORP., AND SCIMED LIFE
SYSTEMS, INC.
        *Defendants*.

C.A. No. 97-550-SLR

---

BOSTON SCIENTIFIC CORP.,
        *Plaintiff*,

     v.

ETHICON, INC., et al.,
        *Defendants*.

C.A. No. 98-19-SLR

## CORDIS' REPLY BRIEF IN SUPPORT OF ITS
## CROSS-MOTION TO AMEND THE JUDGMENT

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19801
(302)645-1888
*Attorneys for Cordis Corporation*

*Of counsel*:

Gregory L. Diskant
William F. Cavanaugh, Jr.
Eugene M. Gelernter
Michael J. Timmons
Scott B. Howard
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
212-336-2999

Dated: May 19, 2005

# TABLE OF CONTENTS

Page

I.    Judgment Should Be Entered In Favor Of The
      Validity Of Claim 23 Of The '762 Patent ......................................................................1

II.   There Is No Reason To Delay Entering Judgment On
      Damages ...........................................................................................................................2

III.  Judgement Of No Infringement Of Claims Not
      Asserted At Trial Is Improper .........................................................................................3

IV.   Cordis Is Entitled To Costs ..............................................................................................4

V.    BSC and Cordis Agree An Injunction Should Be
      Entered .............................................................................................................................6

      A.  BSC And Cordis Agree On The Parties To The
          Injunction ..................................................................................................................6

      B.  The Injunction Should Only Last Until The
          Expiration Of The '762 Patent .................................................................................7

      C.  BSC And Cordis Agree The Injunction Should
          Include Colorable Variations ...................................................................................7

VI.   The Injunction Should Not Be Stayed Pending The
      Appeal ..............................................................................................................................8

      A.  BSC Has Not Made a "Strong Showing" of Likely
          Success on Appeal. ...................................................................................................9

      B.  BSC Will Not Be "Irreparably Harmed" Absent a
          Stay ...........................................................................................................................9

      C.  A Stay Would "Substantially Injure" Cordis. ..........................................................9

      D.  The Public Interest is Best Served by Enforcing
          Cordis' Valid Patents. ............................................................................................11

CONCLUSION ...........................................................................................................................11

1181753v1

## TABLE OF AUTHORITIES

**CASES**                                                                                          **PAGE**

B & H Manufacturing Inc. v. Owens-Illinois Glass Container Inc.,
        22 U.S.P.Q. 2d 1551 (N.D. Ga. 1991) ..............................................................................10

Century Wrecker Corp. v. E.R. Buske Manufacturing Co.,
        913 F. Supp.1256 (N.D. Iowa 1996)......................................................................................8

Corning Glass Works v. Sumitomo Electric U.S.A., Inc.,
        674 F. Supp. 1074 (S.D.N.Y 1987)........................................................................................8

Eli Lilly & Co. v. Premo Pharm. Laboratoriess, Inc.,
        630 F.2d 120 (3d Cir. 1980)................................................................................................11

Farrar v. Hobby,
        506 U.S. 103 (1992)..............................................................................................................4

Hallco Manufacturing Co. v. Foster,
        256 F.3d 1290 (Fed. Cir 2001)..............................................................................................3

In re Hayes Microcomputer Products Inc. Patent Litigation,
        766 F. Supp. 818 (N.D. Cal. 1991),
        aff'd, 982 F.2d 1527 (Fed. Cir. 1992) ................................................................................10

Howes v. Medical Components, Inc.,
        741 F. Supp. 528 (E.D. Pa. 1990) ........................................................................................9

International Rectifier Corp. v. IXYS Corp.,
        383 F.3d 1312 (Fed. Cir. 2004)..............................................................................................7

Magnesystems, Inc. v. Nikken, Inc.,
        1994 WL. 808421 (C.D. Cal. August 8, 1994),
        appeal dismissed, 36 F.3d 1114 (Fed. Cir. 1994) ..................................................8, 9, 11

Manildra Milling Corp. v. Ogilvie Mills, Inc.,
        76 F.3d 1178 (Fed. Cir. 1996)................................................................................................4

Maxwell v. J. Baker, Inc.,
        879 F.Supp. 1012 (D. Minn. 1995)......................................................................................11

Minnesota Mining & Manufacturing Co. v. Johnson & Johnson Orthopaedic, Inc.,
        1991 WL 340579 (D. Minn. July 26, 1991),
        aff'd, 976 F.2d 1559 (Fed. Cir. 1992) ..................................................................................9

Monsanto Co. v. Ralph,
        382 F.3d 1374 (Fed. Cir. 2004)............................................................................................10

In re Paoli R.R. Yard PCB Litigation,
    221 F.3d 449 (3d Cir. 2000)................................................................................5, 6

Patlex Corp. v. Mossinghoff,
    758 F.2d 594 (Fed. Cir.),
    modified on other grounds, 771 F.2d 480 (Fed. Cir. 1985).......................................10

Ruiz v. A. B. Chance Co.,
    234 F.3d 654 (Fed. Cir. 2000)...................................................................................5

Slane v. Mariah Boats, Inc.,
    164 F.3d 1065 (7th Cir. 1999) ...................................................................................4

Standard Havens Products, Inc. v. Gencor Industrial, Inc.,
    897 F.2d 511 (Fed. Cir. 1990)...................................................................................9

TA Instruments, Inc. v. Perkin-Elmer Corp.,
    277 F. Supp. 2d 367 (D. Del. 2003)...........................................................................7

Union Carbide Chemicals & Plastics Tech Corp. v. Shell Oil Co.,
    2004 U.S. Dist. LEXIS 10730 (D. Del. June 9, 2004)...............................................8

Wang Laboratoriess, Inc. v. Toshiba Corp.,
    1991 WL 333701 (E.D. Va. August 23, 1991) .........................................................10

## OTHER STATUTES

10 Moore's Federal Practice (3d ed. 2005) § 54.101 ........................................................3

Federal Rule of Civil Procedure 65(d)...........................................................................6, 7

## I.     Judgment Should Be Entered In Favor Of The
## Validity Of Claim 23 Of The '762 Patent

It is appropriate to enter judgment in favor of Cordis and against BSC with respect to the validity of claim 23 of the '762 patent.  Contrary to BSC's proposal, there is no reason to limit the judgement to "obviousness."

First, Cordis' language is identical to previous language this Court has used when entering a judgment of validity.  For example, after the November 2000 trials, this Court used the following general language when entering a judgment of validity against AVE (D.I. 1154):

> IT IS FURTHER ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of Cordis and against AVE with respect to the validity of claims 23, 51, and 54 of the '762 patent and of claims 1 and 3 of the '984 patent, and with respect to the enforceability of the '762 and '984 patents.

The Court did so despite AVE only challenging whether the claims of the '762 patent had a sufficient written description and whether the claims of the '984 patent were obvious.  Likewise, in BSC's case against Cordis on the Israel patents, the Court again entered a general judgment of validity even though obviousness was the only defense presented to the jury:

> IT IS FURTHER ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of plaintiffs . . . and against defendants . . . with respect to infringement of claim 13 of the '120 patent by defendants' Corinthian stent, and validity of claim 13 of the '120 patent.

D.I. 293 in Scimed Life Systems, Inc. v. Johnson & Johnson, No. 99-904-SLR, Judgment (September 27, 2002).  There is no reason to use a different form of the judgment in this case.

Second, while BSC only asked the jury to decide whether claim 23 was obvious, that was their litigation tactic.  In 2000, BSC was free to raise any defense it wanted challenging the validity of claim 23 of the '762 patent.  But instead of raising any defense, it choose to forego any challenge, conceding the validity of claim 23.  This included the right to argue that the claim

was invalid in light of the 1980 and 1983 monographs. Similarly, in 2005 BSC was free to argue any new validity defenses based on the new claim construction. Having intentionally chosen not to assert any additional defense in this case, BSC cannot now claim the judgment is too broad.

Third, BSC's argument ignores the actual causes of action that were tried in 2000 and 2005. Not only was Cordis' cause of action for patent infringement tried, so was BSC's declaratory judgment action seeking a declaration that the '762 patent is "invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, Sections 102, 103, and 112." D.I. 456 at 8-9. Likewise, BSC's First Affirmative Defense was that the '762 patent was "invalid and void because [it] fail[s] to comply with the requirements of the patent laws of the United States, Title 35, United States Code, including without limitation, sections 102, 103, and 112." Id. at 5. Because BSC failed to prove the allegations in its declaratory judgment action and first affirmative defense, a general judgment of validity is appropriate. And that judgment should include all possible grounds of invalidity "including without limitation sections 102 [anticipation], 103 [obviousness], and 112 [written description and enablement]." Id. at 5, 8-9.

## II.    There Is No Reason To Delay Entering Judgment On Damages

As in its opposition to Cordis' motion to reinstate and update the damages verdict against BSC, BSC argues that damages should not be determined until after the appeal. Cordis believes this is improper for the reasons stated in support of its cross-motion for entry of judgment and its reply brief in support of its motion to reinstate and update the damages verdict. D.I. 1401, 1412.

III.     **Judgement Of No Infringement Of Claims**
         **Not Asserted At Trial Is Improper**

Cordis withdrew its claims with respect to claims 51, 52, and 54 of the '762 patent and claim 17, 18, 25, and 26 of the '417 patent prior to trial. In its opposition papers, BSC requested that judgment be entered with respect to the withdrawn claims.

Cordis believes that it is inappropriate to enumerate in an order of judgment all claims and causes of actions that *were not* litigated. The doctrine of *res judiciata* is what protects a party from being sued on claims that could have been asserted in an earlier suit but were not. If courts start expressly identifying in their orders of judgment all causes of action that *could have been* asserted and litigated by each party, then preparing such orders of judgment needlessly will become an enormously burdensome task.

Cordis notes that no mention was made regarding dismissed patents in the judgment entered after the first trial. D.I. 1154. However, if the Court nevertheless decides to mention withdrawn claims in this judgment, the correct language is what BSC presented in its original proposed judgment:

> IT IS FURTHER ORDERED AND ADJUDGED that Cordis' complaint alleging infringement by BSC of claims 44, 51, 52 and 54 of the '762 patent, claims 17, 18, 25 and 26 of U.S. Patent No. 5,102,417, and claims 22 and 24 of the '332 patent, be dismissed with prejudice.

BSC's reliance on Hallco Mfg. Co. v. Foster, 256 F.3d 1290, 1297 (Fed. Cir 2001) is misplaced. While Hallco does state that a dismissal with prejudice is a judgment on the merits sufficient to prevent relitigation of the claim, it says absolutely nothing about the form of the judgment.

**IV.    Cordis Is Entitled To Costs**

As Cordis established in its opening brief, D.I. 1401 at 6, it is the prevailing party and is entitled to an award of its costs.

In opposing the application for costs, BSC focuses solely on the fact that it prevailed on some issues on some patents. But, BSC misses the fundamental point. While BSC did win on some claims and some patents, that had no real effect on the outcome of the case. By succeeding on claim 23 of the '762 patent, Cordis received the entire relief it was seeking. Cordis is entitled to its lost profits and/or a reasonable royalty on all of BSC's NIR sales and Cordis is entitled to an injunction. Even had Cordis also succeeded on another patent, the ultimate outcome of the case, in terms of dollars and the injunction, would be no different.[1] BSC's victories in this case had no impact on its outcome and do not justify denying Cordis its costs. Because Cordis obtained all of the relief it was seeking, it is the prevailing party, Farrar v. Hobby, 506 U.S. 103, 111-13 (1992), and is entitled to recover its costs. E.g., 10 Moore's Federal Practice (3d ed. 2005) § 54.101[3] ("The cases that have interpreted the 'prevailing party' language of Rule 54(d)(1) generally state simply that the prevailing party is the party in whose favor judgment was entered, even if that judgment does not fully vindicate the litigant's position in the case."); Slane v. Mariah Boats, Inc., 164 F.3d 1065, 1068 (7th Cir. 1999) (where both the plaintiff and defendant won on two causes of action, "[t]he district court correctly noted that when one party gets substantial relief it 'prevails' even if it doesn't win on every claim.").

For the same reasons, BSC's attempts to declare itself the prevailing party ring hollow. In Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178 (Fed. Cir. 1996), a case

---

[1] The only possible difference would be the term of the injunction. However, since BSC has stopped selling coronary NIR stents and Cordis never sought damages on peripheral NIR stents, that difference is illusory.

4

relied on by BSC, every patent claim was found invalid. Unlike in that case, BSC did not

challenge the validity of claim 23 during the 2000 trial and lost in its challenge to the validity of

claim 23 in the 2005 trial. While "Cordis only received an infringement verdict in its favor on

one claim" (D.I. 1410 at 15), that one claim was enough to give Cordis all the relief it sought.

Having received its requested relief, Cordis, not BSC, is the prevailing party.

Likewise, BSC's reliance on Ruiz v. A. B. Chance Co., 234 F.3d 654, 670 (Fed.

Cir. 2000), is misplaced. In that case, while the plaintiff proved all of the asserted claims were

invalid, the defendant prevailed on all other issues, including the non-patent issues. But in this

case, BSC did not succeed on any issue with respect to claim 23, which is both valid and

infringed.

Nor has BSC presented a compelling reason not to award costs in this case. As

the Third Circuit has made clear, while the district court has the discretion to deny an award of

costs, there is a strong presumption in favor of the award of costs. In re Paoli R.R. Yard PCB

Litig., 221 F.3d 449, 462 (3d Cir. 2000) ("By mandating that, subject to court intervention, costs

be allowed to a prevailing party as of course, the rule creates the 'strong presumption' that costs

are to be awarded to the prevailing party."). The losing party bears the burden of "showing that

an award is inequitable under the circumstances." Id. at 462-63. The only grounds for doing so

are (Id. at 468):

> (1) the prevailing party's unclean hands, bad faith, dilatory tactics,
> or failures to comply with process during the course of the instant
> litigation or the costs award proceedings; and (2) each of the
> losing parties' potential indigency or inability to pay the full
> measure of a costs award levied against them.

BSC has not presented a valid reason why it should not be required to pay Cordis'

costs. BSC does not allege any bad faith or inability to pay. Instead, BSC relies on the supposed

closeness of the case and how they succeeded on some, but not all, of their defenses. D.I. 1410 at 15. However, the Third Circuit has explicitly rejected that argument (Id.):

> In contrast, a district court may not consider (1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues--in and of themselves--in the underlying litigation; or (3) the relative disparities in wealth between the parties.

Because BSC has failed to articulate a valid reason why costs should not be entered, "the presumption is that costs, as defined by the relevant statutes and case law, will be awarded in full measure." Id.

## V.    BSC and Cordis Agree An Injunction Should Be Entered

Although BSC no longer sells the NIR coronary stent, both Cordis and BSC agree that if the Court denies BSC's post-trial motions, it is appropriate to enter an injunction against such sales. And BSC is still selling an infringing NIR peripheral stent. D.I. 1410 at 13.

Despite BSC's comments on the form of the injunction, there is no real dispute as to the form of the injunction. In an attempt to alleviate BSC's concerns, Cordis proposes using the following language:

> IT IS FURTHER ORDERED AND ADJUDGED that from the entry of this Order until November 7, 2005, the expiration date of the '762 patent, Boston Scientific Corporation, SciMed Life Systems, Inc., and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, are hereby enjoined from infringing claim 23 of the '762 patent by making, using, selling, or offering for sale in the United States, or by importing into the United States, the NIR stent and any colorable variations thereof.

### A.    BSC And Cordis Agree On The Parties To The Injunction

Cordis agrees that the scope of the injunction should be limited by Fed. R. Civ. P. 65(d). Cordis' proposed injunction has been so modified.

B.    **The Injunction Should Only Last
Until The Expiration Of The '762 Patent**

Like BSC, Cordis agrees that the injunction should only apply until the expiration
of the '762 patent. While this was implicitly stated in Cordis' original injunction, it is explicitly
stated in the revised proposed injunction.

C.    **BSC And Cordis Agree The Injunction
Should Include Colorable Variations**

In its response, BSC does not disagree with Cordis that the injunction should
cover not only the NIR stent, but also all colorable variations of the NIR stent. D.I. 1410 at 7.
The only dispute is whether (as Cordis argues) it should be explicit in the injunction or (as BSC
argues) it should be implicit.

Federal Rule of Civil Procedure 65(d) requires that an injunction "shall be
specific in terms." Since the dispute is not over the scope of the injunction, but whether the
injunction should explicitly or implicitly cover colorable variations, in an abundance of caution
Cordis respectfully requests that the Court "be specific in terms" and explicitly state that the
injunction covers colorable variations.

The Federal Circuit has approved injunctions that explicitly cover both the
infringing device and devices that are "no more than colorably different." International Rectifier
Corp. v. IXYS Corp., 383 F.3d 1312, 1317 (Fed. Cir. 2004). In that case, the Federal Circuit
rejected the entered injunction as too broad because it prohibited infringement of the patent
without any reference to the infringing device. However, the Federal Circuit held that "[t]he rule
[65(d)] requires an injunction to prohibit only those acts sought to be restrained, which in this
case are infringement of the patent by the devices adjudged to infringe and infringement by
devices no more than colorably different therefrom." Id. Indeed, this Court has entered
injunctions with similar language in the past. E.g., TA Instruments Inc., v. Perkin-Elmer Corp.,

277 F. Supp. 2d 367, 380 (D. Del. 2003) (injunction includes "any colorable differences

thereof")[2]; see also Century Wrecker Corp. v. E.R. Buske Mfg. Co., 913 F.Supp. 1256, 1294-95

(N.D. Iowa 1996) (injunction explicitly prohibits "colorable variations thereof").

## VI.    The Injunction Should Not Be Stayed Pending The Appeal

As it has in the past, BSC argues that the entry of an injunction should be stayed

pending the appeal. BSC does not dispute that Cordis is entitled to a permanent injunction, but

requests that the injunction be stayed pending appeal. And what BSC fails to mention is that

since there is no chance that the Federal Circuit will decide the appeal before the expiration of

the '762 patent, what BSC is really asking for is the denial of a permanent injunction.

Stays pending appeal in patent cases are the exception, not the rule. "[I]njunctive

relief in a patent case will not be stayed pending appeal unless the party seeking that relief meets

the burden of establishing 'compelling reasons' justifying it." Magnesystems, Inc. v. Nikken,

Inc., 1994 WL 808421 at *4 (C.D. Cal. August 8, 1994) (Ex. A), appeal dismissed, 36 F.3d 1114

(Fed. Cir. 1994); see also Corning Glass Works v. Sumitomo Elec. U.S.A., Inc., 674 F. Supp.

1074, 1077 (S.D.N.Y 1987).

In deciding whether to stay an injunction pending an appeal, courts consider the

following four factors:

> (1) whether the stay applicant has made a strong showing that he is
> likely to succeed on the merits; (2) whether the applicant will be
> irreparably injured absent a stay; (3) whether issuance of the stay
> will substantially injure the other parties interested in the
> proceeding; and (4) where the public interest lies.

---

[2] BSC's reliance on Union Carbide Chems. & Plastics Tech Corp. v. Shell Oil Co., 2004 U.S. Dist. LEXIS 10730 (D. Del. June 9, 2004) is of no value. Although the injunction in that case did not include the colorable difference language, there is no indication that the plaintiff requested the language or that the Court considered and rejected putting that language into the injunction.

<u>Standard Havens Prods., Inc. v. Gencor Indus., Inc.</u>, 897 F.2d 511, 512 (Fed. Cir. 1990) (citation omitted).

These factors militate against a stay here.

**A.     BSC Has Not Made A "Strong Showing" Of Likely Success On Appeal.**

BSC has not made "a strong showing that [it] is likely to succeed on the merits [of its appeals]." <u>Standard Havens</u>, 897 F.2d at 512 (emphasis added). Unlike the ordinary case, here separate juries have upheld the '762 patent and found it infringed. BSC's arguments on the merits are the same ones that they raised in their motions for JMOL or a new trial – arguments which, by definition, already will have been rejected if the Court is considering the stay issue. Attempts to resubmit arguments that the Court previously rejected do not establish a "strong showing" that the defendants are likely to succeed on appeal. <u>Magnesystems</u>, 1994 WL 808421 at *5; <u>Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopaedic, Inc.</u>, 1991 WL 340579 at *18 (D. Minn. July 26, 1991) (Ex. B), <u>aff'd</u>, 976 F.2d 1559 (Fed. Cir. 1992); <u>Howes v. Med. Components, Inc.</u>, 741 F. Supp. 528 (E.D. Pa. 1990).

**B.     BSC Will Not Be "Irreparably Harmed" Absent a Stay**

BSC concedes that it will not be irreparably harmed by an injunction. D.I 1410 at 13. Thus, this factor favors Cordis.

**C.     A Stay Would "Substantially Injure" Cordis.**

The applicable test, as set forth in <u>Standard Havens</u>, <u>supra</u>, requires the party seeking a stay to show that it would be "irreparably injured" absent a stay, but to avoid a stay the nonmovant does not need to show that a stay would cause it irreparable harm. <u>Id.</u>, 897 F.2d at 512. Instead, the inquiry focuses on whether a stay would "substantially injure" the nonmovant. Here, a stay would substantially injure Cordis.

As the Federal Circuit has made clear, "[o]ne of the most fundamental tenets of patent law is that a patent gives its owner the right to exclude others from making, using, selling, offering to sell, or importing the patented subject matter." Monsanto Co. v. Ralph, 382 F.3d 1374, 1383 (Fed. Cir. 2004); Patlex Corp. v. Mossinghoff, 758 F.2d 594, 599-600 (Fed. Cir.), modified on other grounds, 771 F.2d 480 (Fed. Cir. 1985). Cordis initially brought this action against BSC in 1997, when more then 8 years remained on the life of the '762 patent. After two juries found that the NIR infringed claim 23 of the '762 patent, the '762 patent will now expire this November. Because the Federal Circuit is unlikely to resolve any appeal before the expiration of the '762 patent, a stay will effectively prevent Cordis from ever being able to exercise its fundamental right of exclusion. That is unjust, and should not be countenanced.

The fact that Cordis has licensed some of its competitors does not require a different conclusion. See B & H Mfg. Inc. v. Owens-Illinois Glass Container Inc., 22 U.S.P.Q.2d 1551, 1552-53 (N.D. Ga. 1991) (Ex. C) (denying a request to stay an injunction where the patent owner had licensed others). The cases that BSC cites, such as Wang Labs., Inc. v. Toshiba Corp., 1991 WL 333701 (E.D. Va. August 23, 1991) (Ex. D), involved inapposite situations where the patent owner was either leaving the market or never had sold the patented product. Here, in contrast, Cordis built the market for balloon expandable stents and is a significant competitor in that market. In re Hayes Microcomputer Prods. Inc. Patent Litig., 766 F.Supp. 818, 823 (N.D. Cal. 1991), aff'd, 982 F.2d 1527 (Fed. Cir. 1992), which BSC also cites, presented an inapposite situation where at least 22 companies were in the market – the vast majority of which were licensed by the plaintiff – and the plaintiff failed to show that it would be harmed by a stay.

**D.    The Public Interest is Best Served by Enforcing Cordis' Valid Patents.**

As Cordis previously argued, D.I. 1085 at 3-4, the public interest favors the

protection of rights secured by valid patents.  See also <u>Maxwell v. J. Baker, Inc.</u>, 879 F.Supp.

1012 (D. Minn. 1995), <u>aff'd in part, vacated in part</u>, 86 F.3d 1098 (Fed. Cir. 1996);

<u>Magnesystems</u>, 1994 WL 808421 at *6.  In these circumstances, there is no valid public interest

in keeping the infringing NIR stent on the market, and the only relevant public interest is the one

favoring enforcement of valid patents.  See <u>Eli Lilly & Co. v. Premo Pharm. Labs., Inc.</u>, 630

F.2d 120, 137 (3d Cir. 1980).

In short, the defendants have not come forth with any "compelling reason,"

<u>Magnesystems</u>, 1994 WL 808421 at *4, that would justify a stay pending appeal.

## CONCLUSION

For the reasons set forth above, Cordis respectfully requests that the Court reject

BSC's proposed amended judgment and adopt Cordis' proposed judgment.

ASHBY & GEDDES

*/s/ Steven J. Balick*

_____
Steven J. Balick (#2114)
John G. Day (#2403)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware  19801
(302) 654-1888
*Attorneys for Cordis Corporation
and Johnson & Johnson*

*Of Counsel:*

Gregory L. Diskant
William F. Cavanaugh, Jr.
Eugene M. Gelernter
Michael J. Timmons
Scott B. Howard
PATTERSON, BELKNAP, WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, New York  10036-6710
(212) 336-2000

Theodore B. Van Itallie, Jr.
Eric I. Harris
Paul A. Coletti
JOHNSON & JOHNSON
One Johnson & Johnson Plaza
New Brunswick, New Jersey  08933

Dated:  May 19, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of May, 2005, the attached **CORDIS'**

**REPLY BRIEF IN SUPPORT OF ITS CROSS-MOTION TO AMEND THE JUDGMENT**

was served upon the following counsel of record in the manner indicated:


Karen Jacobs Louden, Esquire                     HAND DELIVERY
Morris Nichols Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19801


Raphael V. Lupo, Esquire                     VIA FEDERAL EXPRESS
McDermott, Will & Emery
600 13th Street, N.W.
Washington, D.C.  20005-3096


Josy W. Ingersoll, Esquire                     HAND DELIVERY
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street
Wilmington, DE  19801


George E. Badenoch, Esquire                     VIA FEDERAL EXPRESS
Kenyon & Kenyon
One Broadway
New York, NY  10004


*/s/ Steven J. Balick*
_____
Steven J. Balick