NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1393,-1394,-1395,-1396,-1415,-1416

CORDIS CORPORATION,

    Plaintiff-Appellant,

v.

BOSTON SCIENTIFIC CORPORATION
and BOSTON SCIENTIFIC SCIMED, INC. (formerly known as Scimed Life Systems, Inc.),

    Defendants-Appellants.

---

MEDTRONIC AVE, INC.,

    Plaintiff-Appellant,

v.

CORDIS CORPORATION, JOHNSON AND JOHNSON,
and EXPANDABLE GRAFTS PARTNERSHIP,

    Defendants-Appellees.

---

BOSTON SCIENTIFIC CORPORATION
and BOSTON SCIENTIFIC SCIMED, INC. (formerly known as Scimed Life Systems, Inc.),

    Plaintiffs-Appellants,

v.

ETHICON, INC., CORDIS CORPORATION,
and JOHNSON & JOHNSON INTERVENTIONAL SYSTEMS CO.,

    Defendants-Cross Appellants.

Appeals from the United Sates District Court for the District of Delaware in consolidated cases 97-CV-550, 97-CV-700, and 98-CV-19, Judge Sue L. Robinson.

---

DECIDED: April 9, 2008

---

ON PETITION FOR REHEARING

Before BRYSON, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and, KEELEY, Chief District Judge.[*]

PER CURIAM.

Co-defendants Boston Scientific Corp. and Boston Scientific Scimed, Inc., (collectively, "BSC") have filed a petition for panel rehearing and for rehearing en banc. Among its arguments, BSC asserts that rehearing is warranted because the panel failed to direct the district court to grant BSC a new trial on the issue of obviousness with respect to claim 44 of U.S. Patent No. 4,739,762 ("the '762 patent") following this court's reversal of the district court's order invalidating that claim on other grounds.

In response, Cordis argues that BSC has waived its argument that claim 44 is obvious. Cordis argues that BSC chose not to raise the obviousness of the '762 patent in the first trial in 2000. After Medtronic's first appeal in this case, to which BSC was not a party, the district court issued an order allowing BSC and Cordis to supplement the record to address the validity of the '762 patent in light of the claim construction of "slots formed therein" adopted by this court in Medtronic's appeal. At the 2005 retrial, BSC asserted a defense of obviousness with respect to claim 23 of the '762 patent, but not

---

[*] Honorable Irene M. Keeley, Chief Judge, United States District Court for the Northern District of West Virginia, sitting by designation.

2006-1393,-1394,-1395,-1396,-1415,-1416

2

with respect to claim 44. Instead, BSC filed a motion in limine to exclude Cordis's evidence with respect to the nonobviousness of claim 44. In its motion, BSC argued that the issue of obviousness as to claim 44 was moot because the district court had found that claim invalid under 35 U.S.C. § 305. BSC stated that the issue of obviousness as to claim 44 would be better addressed if Cordis were to succeed in appealing the district court's decision to invalidate claim 44 under section 305. Cordis nevertheless argues that BSC waived any argument regarding the obviousness of claim 44 because the district court's interlocutory order invalidating claim 44 under section 305 did not preclude BSC from raising the obviousness of claim 44 at the 2005 retrial.

The district court's familiarity with the proceedings in this case puts it in the best position to determine whether BSC's defense of obviousness with respect to claim 44 has been waived and, if not, what further proceedings are appropriate. We issue this supplemental order to make clear that this court's mandate was not intended to resolve the issue of waiver and accordingly does not have the effect of depriving the district court of the authority to determine whether it should conduct further proceedings addressing the merits of the issue of the obviousness of claim 44.

SO ORDERED.

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 0 9 2008

IAN HORBALY
CLERK

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: _____ Date: 4/29/08

2006-1393,-1394,-1395,-1396,-1415,-1416